## CITY OF KIRKSVILLE, Appellant, v. ANNIE FERGUSON.

**Division One, December 19, 1914.**

1. **SIDEWALK: Changing Grade: City of Third Class.** Secs. 9258 to 9275, R. S. 1909, provide in detail every step to be taken in order to assess the damages and benefits that may accrue on account of the change of the grade of a street and the construction of a sidewalk in front of abutting property.

2. ———: **Change in Grade.** The ordinance ordering the sidewalk to be constructed must be read in connection with the one authorizing the assessment of damages and benefits; and while it may simplify matters if the one authorizing the assessment also establishes the grade or proposed change of grade of the sidewalk, yet if the one ordering the sidewalk to be built says that the top surface of the walk to be constructed "shall, when finished, conform to the grade stakes of the city engineer now set and in place," it will not be *held* that the grade is so uncertain and indefinite as to authorize a dismissal of the proceeding.

3. ———: ———: **Removal of Stakes.** The fact that the stakes fixed by the city engineer to mark the grade of a sidewalk may be removed or destroyed and are not permanent does not authorize the court to rule that the grade of the side-

Kirksville v. Ferguson.

walk whose top surface is required by the ordinance to "conform when finished with the grade stakes of the city engineer now set and in place" is so indefinite and uncertain that the proceeding brought by the city to construct the sidewalk must be dismissed. The permanency of grade monuments is a matter to be addressed to the city government, and not to the courts; and their purpose is to indicate the grade line to the commissioners who assess the damages and benefits, and to inform the contractors where to place the surface of the sidewalk.

4. ————: Constitutional Questions: Not Passed on Below. Only the rulings of the trial court can be reviewed on appeal. Where the trial court did not try the exceptions filed by the landowner to the commissioners' report, but, upon his motion, dismissed the proceeding on the ground that there were no statutes authorizing it and that the ordinances did not definitely fix the grade of the sidewalk, constitutional questions regarding the damages and benefits to be assessed, for and against whom they should be assessed, and the amount of land that should be embraced in the benefit district, cannot be considered by the Supreme Court on an appeal by the city.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton*, Judge.

REVERSED AND REMANDED (*with directions*).

*A. Doneghy* for appellant.

(1) The court erred in sustaining the motion to quash, for the reason that all of the proceedings are in strict conformity to the requirements of the statute, and the statute is definite and certain. R. S. 1909, secs. 9258 to 9275. (2) The court erred in dismissing the case, for the reason that the proceedings being in strict conformity to the statute it was the duty of the court to proceed by a new inquest of damages. Statutes, supra. (3) The court erred in rendering final judgment against the petitioner for the reasons aforesaid. Statutes, supra. The grade or elevation at which the walk was to be constructed was not only sufficiently definite but was very accurately designated by reference to the grade stakes then in place, something which

the council could see and data from which the commissioners or contractors could know definitely.   The definite character of such designation is attested by the fact that the defendant in her exceptions to the report of the committee informs the court from an observation of the grade stakes, exactly what the new elevation of the walk will be.   McCoy v. Randall, 222 Mo. 24.   Nowhere does the statute applicable to cities of the third class prescribe any particular method of ascertaining or prescribing how the elevation of a sidewalk shall be designated.   Nowhere does it say that the walk must be laid to any particular grade or elevation.   All of that is left to the wisdom of the local authorities, and it is a well-known fact that few sidewalks are made to conform to the grade established by ordinance for the roadway of the street.   Nor does the statute now provide for any plans or specifications. Chap. 84, Art. 4, R. S. 1909, as amended by Laws 1911, pp. 337, 341.

*Campbell & Ellison* and *Higbee & Mills* for respondent.

(1)   This proceeding is not authorized by law. The second paragraph of Sec. 9254, R. S. 1909, empowers cities by ordinance to construct sidewalks, and to exercise exclusive control over streets and establish grades therefor.   The city had no power by ordinance to define a benefit district consisting of two or three lots including defendant's, which should be charged for all the loss or damage that plaintiff's property might sustain by changing the grade of the sidewalk in front of her property.   If the damages sustained by defendant came within the provisions of section 9258, that section simply means, as applied to this case, that the damages are to be assessed by three commissioners appointed in the manner provided by section 9262, who should assess her damages.   Benefit districts are to be

defined where some proposed public improvement like the establishment of a market place, public park, or public square, is contemplated, that will particularly benefit a portion or district of a city. It certainly never was contemplated that when a city should change the grade of a sidewalk in front of a residence property that a benefit district should be defined, and the damages resulting from such change should be assessed upon such district. If the city may define a district containing two or three lots, then it may declare that all the damages shall be paid by the particular lot in front of which the change of grade has been made, and thus make the lot owner pay all the damage. Where the city takes or damages private property for public use, it, and not the lot owner, or two or three lot owners, must first pay the damages. Sec. 21, Art. 2, Constitution; Householder v. Kansas City, 83 Mo. 488; Hickman v. Kansas City, 120 Mo. 123. (2) The ordinance does not establish the proposed change of grade. It is indefinite, uncertain, and void. Appellant admits that the ordinance required a change of the grade; the sidewalk in front of defendant's property to be brought to the grade stakes of the city engineer then in place. It does not refer to any profile or specification on file in the office of the city clerk to which reference could be made. A grade can only be established by ordinance. McCoy v. Randall, 222 Mo. 40. An ordinance like any law must be certain and definite. It may refer to plans and specifications permanently on file where they can be seen at any time. Stakes are usually set for temporary guidance. To make temporary stakes that are liable to be lost or knocked out at any time, or thrown out by frost, and are at best subject to speedy decay, is not to make a permanent monument or record. The maxim *"Id certum est quod certum reddi potest"* might as well be invoked in favor of an ordinance written in the sand. Becker v. Washington, 94 Mo. 375. The establishment of a grade line is the

exercise of a legislative function. 27 Am. & Eng. Ency. Law (2 Ed.), 122d. (3) This proceeding is an ingenious attempt on the part of the city to charge plaintiff's property with a part at least of the damages that she would sustain by reason of the change of the grade, and is violative of section 21, article 2 of the Constitution, that requires that her damages shall be ascertained by a jury or board of commissioners, and same shall be first paid to her before her property or proprietary rights shall be disturbed. McElroy v. Kansas City, 21 Fed. 259; St. Louis v. Hill, 116 Mo. 527; Sheeley v. Railroad, 94 Mo. 574.

WOODSON, P. J.—This suit was begun in the circuit court of Adair county, by the city of Kirksville, a city of the third class, against the defendants, to have the damages and benefits assessed that might accrue to certain property situate therein, on account of the proposed change of the grade of the sidewalk in front thereof.

After hearing the case in full, the circuit court, on motion of the defendants, dismissed the suit, and the city appealed the cause to the Kansas City Court of Appeals. On motion, that court, because of certain constitutional questions involved, transferred the cause to this court for decision.

The petition, omitting formal parts, was as follows:

"To the Honorable Nat. M. Shelton, Judge of said. Court, in Vacation:

"The petitioner herein, the city of Kirksville, respectfully shows that on the 3rd day of July, 1911, the mayor and council of said city did duly pass ordinance numbered 1457 providing for the improvement of a part of the sidewalk portion of Jefferson street, a public highway of said city, by grading the sidewalk portion and constructing a concrete sidewalk along the south side of said street on the north front of a tract

of land described as all of lot eight in block twenty-six original town, now city, of Kirksville, Missouri, except a strip of land twenty-five feet in width off of the east end of said lot eight. And that thereafter on the same date the said mayor and council did duly pass an ordinance numbered 1458 wherein the limits in which private property should be assessed to pay damages by reason of said improvement was defined, a certified copy of both of which said ordinances is filed herewith and hereto annexed. The names of the owners of the several lots, tracts or parcels of land included in said district are as follows, to-wit: John H. Janisch owns lots one and two in block twelve, Railroad Addition to said city, and Annie Ferguson owns a tract of land described as lot eight in block twenty-six original town, now city, of Kirksville, Missouri, except a strip of land twenty-five feet in width off of the east end of said lot eight, and L. F. Poehlman owns all of lot six and a strip of land twenty-five feet. in width off of the east end of lot eight in said block twenty-six.

"Wherefore your petitioner prays that three disinterested commissioners, freeholders of Adair county, be appointed to ascertain the compensation to be paid for damages to said property and to apportion the same against the several parcels of land in said benefit district."

The ordinance fixing the boundaries of the benefit district included the lot of the defendant Ferguson and two lots just west and one lot and a fraction of another just east of hers on the same side of the street.

There was another ordinance passed providing for the construction of a sidewalk upon the grade to be so established, which among other things provided that the top surface of the walk should "conform to the grade stakes of the city engineer now set and in place," etc.

All the defendants were served, and the circuit court in vacation, at the time and place contained in the summons, appointed commissioners to assess the damages, etc. The three commissioners met and after viewing the property returned into court their written report under oath, finding that no one would be damaged by the improvement, and thereupon the clerk of the court gave written notice to each of the defendants of the filing of said report and its contents. Prior to the first day of the next term of court the defendant filed exceptions to said report, alleging that the improvement would raise the grade of the sidewalk in front of her property something like twelve inches (which was the fact), and that surface water would be thrown on her premises, and she would be under the necessity of raising her house and would be damaged by the improvement in the sum of five hundred dollars, and she prayed that a new inquiry as to her damages be made.

During the October, 1911, term of court the case came on for hearing and the defendant Ferguson filed a motion to quash or dismiss the proceedings, said motion being as follows, to-wit:

"Defendant moves to quash this proceeding for the reason:

"First. It is not authorized by law.

"Second. The alleged grade or change for the proposed sidewalk is indefinite, uncertain and not determined in any definite or certain manner.

"Third. The alleged condemnation of defendant's present sidewalk is unauthorized and an attempt to take her property without due process of law and in violation of section 30, article 2, of the Constitution of this State, and in violation of section 21 of said article 2."

The court, as previously stated, sustained the motion, dismissed the proceedings and rendered final

judgment against the petitioner, which duly appealed, as before stated.

I. Counsel for appellant contends that the action of the circuit court in sustaining the respondent's motion to quash the proceedings or to dismiss the case was erroneous. This contention is controverted by counsel for respondent, who insist that there is no law authorizing such proceedings.

Sidewalks and Grade of Streets: Statutes.

This insistence of counsel for respondent is untenable, for sections 9258 to 9275, both inclusive, Revised Statutes 1909, fully authorize this proceeding, and provide in detail each and every step that must be taken in order to assess the damages and benefits that might accrue on account of the change of the grade of a street or sidewalk; and fully authorizes the construction of the walk.

We, therefore, decide this insistence against the respondent.

II. Counsel for appellant next insist that the court erred in dismissing the suit for the reason stated in the motion, that "the alleged grade or change of grade for the proposed sidewalk is indefinite, uncertain and not determined in any definite or certain manner."

Grade of Sidewalk.

We are of the opinion that this insistence is well founded, for the reason that when we read the ordinance ordering the sidewalk to be constructed, which must be read in connection with the one authorizing the assessment of damages and benefits, it is seen that it provides that the top surface of the walk to be constructed, shall, "when finished, conform to the grade stakes of the city engineer, now set and in place."

While these two ordinances refer to different matters, yet they were enacted at the same time, and with one common design, namely, to construct the sidewalk

mentioned, which under the Constitution of this State, could not be done until the damages and benefits which might accrue by the change of grade have been assessed and paid.

It might have simplified matters if the ordinance authorizing the assessment of damages and benefits had also established the grade of the sidewalk; but we have been cited to no authority holding that the grade could not be fixed by the ordinance ordering the walk constructed.

This question is also decided against the respondent.

Counsel for respondent also assails the validity of the proceedings because the stakes fixed to mark the grade of the walk are not permanent—easily moved or destroyed.

That is true, but the permanency of grade monuments is a matter to be addressed to the city government, and not to the courts. Their purpose is to indicate the grade line, in order that the commissioners may know the change to be made, and the damages or benefits that will result to the property by reason thereof; also to inform the contractors where to place the surface of the sidewalk.

The walk after having been constructed will of itself constitute a permanent monument of the grade line thereof; as much so as almost any monument the city could establish.

The United States surveys of this vast domain are marked by stones, stakes, trees and such other materials as the Government saw proper to use, all of which may be easily and readily removed or destroyed, as is shown by the thousands that have been moved or destroyed.

Moreover, all the streets of cities and the roadbeds of the various railroads are graded according to stakes or other monuments set by engineers.

In our opinion this insistence of appellant is well founded. But suppose that it should be conceded that respondent is correct regarding this matter, still that would be no ground for dismissing the suit.

III.    Counsel for both parties have presented and discussed several constitutional questions regarding the damages and benefits to be assessed, and for and against whom they should be assessed; also the amount of land that should be embraced in the benefit district, etc.

Constitutional
Questions Not
Reviewable.

None of these questions is properly before this court, because the circuit court, instead of trying the exceptions filed by the respondent to the report of the commissioners, dismissed the entire case, without passing upon any of these questions.

This court can only review the rulings of the court below, and since that court did not pass upon the matters here presented, we have no authority to rule upon them.

For the reasons stated, the judgment is reversed, and the cause remanded with directions to the circuit court to set aside the order dismissing the cause and reinstate the same, and to proceed with the trial of the exceptions filed; and if it is of the opinion that the exceptions are not well founded, then to render judgment confirming the report of the commissioners; but upon the other hand, if the court should be of the opinion that the exceptions are well taken, then the exceptions should be sustained and a new order made appointing other commissioners to assess damages and benefits, etc., and thereafter proceed with the case as is provided for by law and the statutes mentioned.

All concur.